### COVEY GAS AND OIL v. UNITED STATES.

#### Civ. No. 1160.

District Court, D. Utah, Central Division.

Oct. 7, 1947.

Richards & Bird, of Salt Lake City, Utah, for plaintiff.

Scott M. Matheson, of Salt Lake City, Utah, Asst. U. S. Dist. Atty. for District of Utah, for defendant.

JOHNSON, District Judge.

This cause was tried before the court on September 15, 1947, on a stipulation of facts and upon oral testimony offered in behalf of plaintiff and the court, being fully advised in the premises and having made its oral decision in favor of plaintiff and against the defendant United States Government, makes the following findings of fact:

1. The plaintiff is a copartnership with its principal office at Salt Lake City, Utah, and is the owner and operator of the Coconut Grove Ballroom located at Salt Lake City, Utah.

2. This court has jurisdiction of this action under Sections 24(5), (11), and (20) and 177 of the United States Judicial Code, 28 U.S.C.A. §§ 41(5, 11, 20), 284.

3. From on or about September 1, 1942, to October 20, 1942, the said Coconut Grove Ballroom was owned and operated by Covey Brothers Amusement Company, a corporation, which collected admissions tax under the laws of the United States from its patrons, which it paid over to the Collector of Internal Revenue at Salt Lake City, Utah. On or about September 30, 1944, the plaintiff, then the owner and operator of said Ballroom, was required to pay, and did pay, to the Collector of Internal Revenue $214.08 to settle a claim for additional admissions tax during the said period.

4. From on or about October 21, 1942, to April 30, 1943, the said Coconut Grove Ballroom was owned and operated by Covey Gas and Oil Company, a corpora-tion, which collected admissions tax under the laws of the United States from its patrons, which it paid over to the Collector of Internal Revenue at Salt Lake City, Utah. On or about September 30, 1944, the plaintiff, then the owner and operator of said Ballroom, was required to pay, and did pay, to the Collector of Internal Revenue $1,172.46 to settle a claim for additional admissions tax during the said period.

5. From on or about May 1, 1943, to July 31, 1944, the said Coconut Grove Ballroom was owned and operated by Covey Gas and Oil, a partnership, which collected admissions tax under the laws of the United States from its patrons, which it paid over to the Collector of Internal Revenue at Salt Lake City, Utah. On or about September 30, 1944, the plaintiff, then the owner and operator of said Ballroom, was required to pay, and did pay, to the Collector of Internal Revenue $2,435.40 to settle a claim for additional admissions tax during the said period.

6. The payments alleged in findings 3 and 4 were made by plaintiff as transferee of the property and obligations of the companies therein named, and successor in interest in the operation of said Ballroom, and said payments were made with money of plaintiff, which is the real party in interest as to all of said payments.

7. The said payments referred to in findings 3, 4, and 5 were collected by the Collector of Internal Revenue at Salt Lake City, Utah, as part of the duties of his office, and purportedly pursuant to Internal Revenue Code Section 1700, 26 U.S.C.A.Int. Rev.Code, § 1700, and regulations of the Bureau of Internal Revenue.

8. The said collection of tax resulted from an amendment to Section 101.5(a) of Regulations 43 (1941 Edition) relating to taxes on admissions, dues, and initiation fees issued by the United States Treasury Department, Bureau of Internal Revenue, the said amendment being Treasury Decision 5129, approved March 26, 1942, filed Federal Register March 27, 1942, at 11:06 a. m., and reading as follows:

"(a) General Rule. A person admitted free or at a reduced rate to any place at a

time when and under circumstances under which an admission charge is made to other persons, is liable to tax (except as provided in (b), in an amount equivalent to the tax on the amount paid by such other persons for the same or similar accommodations.

"Where persons in a certain group or class, such as students 12 years of age or over, women, or members of a particular organization, are admitted at a price less than the established price of admission to the public generally, they are liable for tax based on the established price of admission to other persons for the same or similar accommodations. Women admitted free or at reduced rates to dances or any other place are liable for tax based on the established price of admission to other persons."

Section 101.5 of said Regulations 43 prior to the aforesaid amendment reads as follows, to-wit: "Sec. 101.5. Free and Reduced Rate Admissions.—(a) General rule. —A person admitted free or at a reduced rate to any place at a time when and under circumstances under which an admission charge is made to other persons, is liable to tax (except as provided in (b), in an amount equivalent to the tax on the amount paid by such other persons for the same or similar accommodations. If tickets or cards of admission are issued the tax should be collected at the time of the issuance of such tickets or cards, while if no tickets or cards are used tax should be collected when the persons are admitted."

9. During the periods referred to in this complaint it was the custom of plaintiff and its predecessors at the Coconut Grove Ballroom to collect admissions tax on the amounts of admissions paid by each person, computed according to the amount of admission paid. During all the time the said Coconut Grove Ballroom has been operated, from 1932 until September 1944, the regular and customary charges for men and for women have been different, and the charge for men has been higher then for women, and during the periods referred to above no reductions from regular rates were made on admissions to women at any time. Representative charges made by the plaintiff and its predecessors during the said period of time were according to the following schedule in which the prices indicated were for regular dances except where the name of a special traveling band is indicated. The charges indicated for special traveling bands is representative of charges made for such events. So far as can be determined, all changes in admission charges are indicated in the said tabulation.

Representative Prices Taken From Newspaper Ads

| 1932: | Women | Men | |
|---|---|---|---|
| Tuesday | .15 | .30 | |
| Thursday | .15 | .20 | |
| Saturday | .25 | .40 | |
| **1933:** | | | |
| Tuesday, Jan. 3 | .15 | .30 | |
| Thursday, Jan. 5 | .15 | .20 | (King Sisters) |
| Saturday, Jan. 7 | .20 | .40 | |
| **1934:** | | | |
| Tuesday, Jan. 9 | .15 | .30 | |
| Thursday, Jan. 11 | .15 | .20 | |
| Saturday, Jan. 13 | .20 | .40 | |
| Monday, Jan. 15 | .10 | .15 | (before 8:30) (Don Tibbs Orch.) |
| | .15 | .20 | (after 8:30) |
| **1935:** | | | |
| Tuesday, Jan. 1 | .20 | .40 | |
| Thursday, Jan. 10 | .15 | .20 | |
| Saturday, Jan. 12 | .20 | .40 | |

1936:

| | | |
|---|---|---|
| Tuesday, Jan. 7 | .20 | .30 |
| Thursday, Jan. 9 | .10 | .20 (before 8:30) |
| | .15 | .30 (after 8:30) |
| Saturday, Jan. 11 | .10 | .25 (before 8:30) |
| | .20 | .40 (after 8:30) |
| Wednesday, Feb. 5 | .40 | .80 (Ted Lewis) |

1937:

| | | |
|---|---|---|
| Tuesday, Jan. 12 | .20 | .30 |
| Thursday, Jan. 28 | .10 | .20 (before 8:30) |
| Saturday, Jan. 30 | .10 | .20 (before 8:30) |

1938:

| | | |
|---|---|---|
| Tuesday, Jan. 4 | .20 | .30 |
| Thursday, Jan. 6 | .15 | .30 |
| Saturday, Jan. 1 | .25 | .40 |

1939:

| | | |
|---|---|---|
| Tuesday, January | .20 | .30 |
| Thursday, January | .15 | .30 |
| Saturday, January | .15 | .35 (before 8:30) |
| | .25 | .40 (after 8:30) |
| Monday, May 1 | .40 | .65 (Ted Fio Rito Band) (before 8:30) |
| | .65 | 1.00 (after 8:30) |
| Thursday, July 6 | .30 | .60 (Ray Noble Orch.) (before 8:30) |
| | .40 | .80 (after 8:30) |

1940:

| | | |
|---|---|---|
| Tuesday, January | .20 | .30 |
| Thursday, January | .15 | .30 |
| Saturday, January | .15 | .35 (before 8:30) |
| | .25 | .40 (after 8:30) |
| Friday, Feb. 23 | .40 | .85 (Horace Heidt Band) |
| Tuesday, Mar. 26 | .65 | 1.10 (Guy Lombardo Band) |
| Tuesday, June | .20 | .30 |
| Thursday, June | .10 | .20 |
| Saturday, June | .15 | .35 (before 8:30) |
| | .25 | .40 (after 8:30) |
| Tuesday, September | .20 | .30 |
| Thursday, September | .15 | .30 |
| Saturday, September | .15 | .35 (before 8:30) |
| | .25 | .40 (after 8:30) |
| Tuesday, November | .20 | .35 |
| Thursday, November | .15 | .30 |
| Saturday, November | .20 | .35 (before 8:30) |
| | .30 | .40 (after 8:30) |

1941:

| | | |
|---|---|---|
| Tuesday, January | .20 | .35 |
| Thursday, January | .15 | .30 |
| Saturday, January, | .20 | .35 (before 8:30) |
| | .30 | .40 (after 8:30) |
| Thursday, Feb. 13 | .40 | .80 (Ted Lewis Band) |
| Tuesday, October | .25 | .40 |
| Thursday, October | .20 | .35 |
| Saturday, October | .30 | .40 |

1942:

| | | | |
|---|---|---|---|
| Thursday, June 4 | .40 | .60 | (Henry Busse) (before 8:30) |
| | .55 | .85 | (after 8:30) |
| Wednesday, July 8 | .60 | .80 | (Duke Ellington) (before 8:30) |
| | .80 | 1.00 | (after 8:30) |
| Monday, Sept. 7 | .60 | .80 | (Henry Busse) (before 8:30) |
| | .80 | 1.00 | (after 8:30) |
| Thursday, Sept. 24 | .35 | .50 | (Anson Weeks) (before 8:30) |
| | .50 | .65 | (after 8:30) |
| Monday, Sept. 28 | .65 | .85 | (Bob Crosby) (before 8:30) |
| | .85 | 1.00 | (after 8:30) |

1943:

| | | | |
|---|---|---|---|
| Tuesday, January | .35 | .50 | |
| Thursday, January | .25 | .40 | |
| Saturday, January | .30 | .50 | (before 8:30) |
| | .40 | .60 | (after 8:30) |

1944:

| | | |
|---|---|---|
| Tuesday, January | .40 | .55 |
| Thursday, January | .35 | .50 |
| Saturday, January | .50 | .60 |

1945:

| | | |
|---|---|---|
| Tuesday, January | .50 | .60 |
| Thursday, January | .40 | .55 |
| Saturday, January | .55 | .65 |

10. Upon admission to the Coconut Grove ballroom both men and women are admitted to the dance floor and to the soft drink concessions, accommodations in handling of men and women being the same except for difference in restrooms and the need for policing of drinking among the men.

11. On September 24, 1945, plaintiff duly filed claim for refund with the Commissioner of Internal Revenue for all the amounts referred to in findings 3, 4, and 5 hereof, which claim was denied in its entirety on January 30, 1946.

From the foregoing findings of fact the court makes and enters the following conclusions of law:

█ 1. In establishing and maintaining different admission prices for men and for women, plaintiff and its predecessors have not admitted women to the Coconut Grove Ballroom at reduced rates or prices.

█ 2. Plaintiff and its predecessors, by collecting and paying over to the Collector of Internal Revenue admissions tax from women based upon the amounts of admissions paid by women, collected and paid over all of the admissions tax they were required to collect and pay over under the revenue acts in force from September 1, 1942, to July 31, 1944.

█ 3. Treasury Decision 5129 is invalid and in conflict with Section 1700 of the Internal Revenue Code, 26 U.S.C.A.Int. Rev.Code, § 1700, in so far as it requires payment of tax by women in the same amount as by men where the regular established price for women is less than for men and where no reduced rate for women is in effect.

4. Plaintiff is entitled to a refund of the money paid over to the Collector of Internal Revenue at Salt Lake City, Utah, for and in behalf of the defendant United States Government on September 30, 1944, in the sum of $3,821.94, together with interest thereon at six per cent per annum from said date.